**Ali Al FAQEE; Amani Al Shawafi; Amr Al Faqee, Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–4457.

United States Court of Appeals, Sixth Circuit.

May 28, 2004.

Michael E. Piston, Lila Sljivar, Troy, MI, for Petitioners.

Lyle D. Jentzer, Douglas E. Ginsburg, Linda S. Wernery, U.S. Department of Justice, Washington, DC, for Respondent.

Before RYAN, DAUGHTREY, and CLAY, Circuit Judges.

*ORDER*

Ali Al Faqee, Amani Al Shawafi, and Amr Al Faqee, natives and citizens of Yemen, petition for review of the decision of the Board of Immigration Appeals that affirmed the decision of an Immigration Judge to deny their applications for asylum and withholding of removal. The parties are represented by counsel and have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Ali Al Faqee, his wife Amani Al Shawafi, and their son Amr Al Faqee entered the United States in March 1998 as visitors for pleasure. The Immigration and Naturalization Service began removal proceedings against them in November 1998 because they overstayed their visas. Al Faqee, and by extension his wife and child, conceded removability and applied for asylum, withholding of removal, and relief under the Convention Against Torture. An Immigration Judge (IJ) held a hearing in December 1999. Al Faqee testified that he was a journalist employed by the ministry of education in Yemen. He said that he was punished for writing two articles considered critical of the government. Al Faqee was jailed for six days, interrogated, and suffered setbacks in his job. He stated that he left Yemen because he feared he would be jailed or killed if he stayed. The IJ found that Al Faqee was not credible and that he was not entitled to asylum or withholding of removal. Al Faqee appealed to the Board of Immigration Appeals (BIA) and moved to remand the case to the IJ to consider additional evidence. The BIA denied the motion to remand. Upon review of the IJ's decision, the BIA disagreed with the IJ's credibility determination but affirmed the finding that Al Faqee was not entitled to asylum, withholding of removal, or relief under the

Convention Against Torture. Al Faqee filed a timely petition for review.

In his petition for review, Al Faqee argues that the BIA erred by: (1) finding that he was not persecuted; (2) finding no evidence that he would be tortured if he returned to Yemen; (3) finding no well-founded fear of future persecution; and (4) affirming the IJ's application of the wrong standard to his asylum claim.

We review a decision denying asylum to determine whether it is supported by substantial evidence, and may not grant a petition for review merely because we would have decided the case differently. *See Mikhailevitch v. INS,* 146 F.3d 384, 388 (6th Cir.1998). A petition for review may be granted only if the evidence is so compelling that no reasonable fact-finder could fail to find the requisite fear of persecution. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

■ Upon review, we conclude that the petition for review must be denied because the BIA's decision was supported by substantial evidence. The BIA found that Al Faqee had not suffered past persecution because, although he was detained and experienced professional setbacks, he was not physically punished. The BIA also found that there was insufficient evidence to establish that Al Faqee had a well-founded fear of future persecution. The BIA rejected specifically the argument that the government of Yemen targets and kills journalists. Al Faqee's lack of proof on this point and the State Department's Country Report support this conclusion. Accordingly, Al Faqee was not entitled to asylum. *See Ouda v. INS,* 324 F.3d 445, 451 (6th Cir.2003).

■ Al Faqee's proof was also insufficient to justify either the withholding of removal or relief under the Convention Against Torture. First, because Al Faqee did not establish eligibility for asylum, he cannot meet the more difficult standard required for withholding of removal. *See INS v. Cardoza–Fonseca,* 480 U.S. 421, 425, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). Second, Al Faqee did not demonstrate that he would, more likely than not, be tortured if removed to Yemen. *See* 8 C.F.R. § 208.16(c)(3).

Al Faqee's argument that the BIA erred by affirming the IJ's application of the wrong standard to his asylum claim is without merit. Any error by the IJ was harmless because the BIA applied the correct standards to Al Faqee's claims.

For the foregoing reasons, we deny the petition for review.